UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Sean Steven Eschelbach,

        Plaintiff

   v.

Nevada Department of Corrections, et al.,

        Defendants

Case No. 2:23-cv-01971-CDS-EJY

**Order Dismissing and Closing Case**

Pro se plaintiff Sean Steven Eschelbach brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated. ECF No. 1-1. On December 5, 2023, this court ordered Eschelbach to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before February 5, 2024. ECF No. 3. The court warned Eschelbach that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action by that deadline. *Id.* at 1. That deadline expired and Eschelbach did not file a fully complete application to proceed *in forma pauperis*, pay the full $402 filing fee, or otherwise respond.

I.     Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

1  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
2  and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine (PPA) Prod. Liab.*
3  *Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).
4      The first two factors, the public's interest in expeditiously resolving this litigation and
5  the court's interest in managing its docket, weigh in favor of dismissal of Eschelbach's claims. The
6  third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a
7  presumption of injury arises from the occurrence of unreasonable delay in filing a pleading
8  ordered by the court or prosecuting an action. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th
9  Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is
10 greatly outweighed by the factors favoring dismissal.
11     The fifth factor requires me to consider whether less drastic alternatives can be used to
12 correct the party's failure that brought about the need to consider dismissal. *See Yourish v.*
13 *California Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic
14 alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord*
15 *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every
16 sanction short of dismissal before finally dismissing a case, but must explore possible and
17 meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this
18 court cannot operate without collecting reasonable fees, and litigation cannot progress without a
19 plaintiff's compliance with court orders, the only alternative is to enter a second order setting
20 another deadline. But issuing a second order will only delay the inevitable and further squander
21 the court's finite resources. Setting another deadline is not a meaningful alternative given these
22 circumstances. So the fifth factor favors dismissal. Having thoroughly considered these dismissal
23 factors, I find that they weigh in favor of dismissal.

24 **II.    Conclusion**

25     It is therefore ordered that this action is dismissed without prejudice based on
26 Eschelbach's failure to file a fully complete application to proceed *in forma pauperis* or pay the full
27 $402 filing fee in compliance with this court's December 5, 2023, order.
28

The Clerk of Court is kindly directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Eschelbach wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or properly apply for *in forma pauperis* status.

Dated: February 8, 2024

_____
Cristina D. Silva
United States District Judge